Drew E. Pomerance, Esq. (State Bar No. 101239)
Craig S. Pynes, Esq.  (State Bar No. 151552)
**ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Telephone:  (818) 992-9999
Facsimile:  (818) 992-9991
E-Mail:       dep@rpnlaw.com
                   csp@rpnlaw.com

Attorneys for Plaintiff and Counterdefendant,
COUNTY OF VENTURA

Lane J. Ashley, Esq. (State Bar No. 73296)
Jamie L. Vels, Esq. (State Bar No. 156469)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
221 No. Figueroa Street, Suite 1200
Los Angeles, CA  90012
Telephone:  (213) 250-1800
Facsimile:  (213) 481-0621

Attorneys for Defendant AMERICAN HOME
ASSURANCE COMPANY and Defendant and
Counterclaimant NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF VENTURA, a Non-Profit Governmental Entity,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY, a Pennsylvania Corporation and a subsidiary of AMERICAN INTERNATIONAL GROUP, AMERICAN HOME ASSURANCE, a Pennsylvania corporation and a subsidiary of AMERICAN INTERNATIONAL GROUP and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No.  CV-07-07156 DSF (FFMx)<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>*[(PROPOSED) Order Filed Concurrently Herewith]* |

///

///

-1-
**[PROPOSED] JOINT STIPULATED PROTECTIVE ORDER**

The Parties, by and through their respective attorneys of record, having STIPULATED and AGREED to the following and good cause appearing therefore, it is hereby ORDERED as follows:

1. The parties and their counsel agree that all documents and information produced or provided by the parties in this action designated as "Confidential Information," shall be used only for purposes necessary to the evaluation, resolution and/or litigation of the claims which are the subject matter of this action, and not for any other purpose without further written agreement by the parties or order of the Court. This provision does not apply to any document or information which any party has obtained from legitimate sources outside of this litigation which pertains to this litigation (i.e., newspaper articles, court documents from other cases, etc.) or that they are or may be entitled to obtain through the litigation/discovery process.

2. It is agreed that documents or information relating to the claim files maintained by American Home Assurance and National Union including, but not limited to, medical reports and records concerning employees of the County of Ventura as well as proprietary, privileged and/or confidential materials prepared in connection with the defense of the County of Ventura's workers' compensation claims, may be marked as containing "Confidential Information" by Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and American Home Assurance Company ("American Home").  The parties have the right to review these documents after they are produced with the "Confidential Information" designation.  If, after review, either party disagrees with the "Confidential Information" designation, it has the right to move the Court for any order deeming the document non-confidential and asking that the designation be removed.

3. As indicated, the records requested for production pertain to claim files maintained by American Home and National Union including, but not limited to, medical reports and records concerning employees of the County of Ventura, as well as proprietary  materials prepared in connection with the defense of the County of

Ventura's workers' compensation claims.  The parties agree that any disclosures in this case pertaining to documents otherwise privileged and subject to privacy laws and designated as "Confidential Information" pursuant to this Stipulated Protective Order will maintain confidentiality and will be precluded from dissemination outside the confines of this litigation.

    4.    The party receiving Confidential Information may not disclose or make available such Confidential Information to any person or persons, except to the following:

    (a)    The Court and court personnel;

    (b)    The parties;

    (c)    Counsel retained or employed by a party to the extent necessary for this action, including the necessary employees or agents of counsel to the parties assigned to and necessary to assist such counsel in this action;

    (d)    The risk manager and/or in-house counsel of the parties to the extent necessary for this action;

    (e)    Any court reporter or typist rendering services for recording or transcribing testimony in this action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in this action;

    (f)    Expert witnesses or consultants retained by the parties or counsel, but only to the extent necessary for this action;

    (g)    Witnesses at depositions or trial, or counsel to those witnesses; and

    (h)    Reinsurers, auditors and/or state and federal insurance regulators;

    (i)    Such other persons as agreed to in writing by the parties or as determined by the Court after notice and hearing to all parties.

    5.    Prior to the receipt of Confidential Information, persons described in paragraph 4, other than in subdivision (a), shall be shown a copy of this Stipulation and Protective Order, and, all persons described in subdivisions (f) through (h) of paragraph 4 to whom Confidential Information is disclosed shall acknowledge, by signing a copy

of Exhibit "A" attached to the instant Joint Stipulation re Protective Order, that they have read the Stipulation and agree to be bound by its terms.  The original executed copy of each such non-disclosure certificate shall be maintained by the attorney who provides the Confidential Information and that attorney shall retain such certificates until the conclusion of the action.

      6.    This Order does not affect the rights of the parties with respect to their own documents or information.  The production of the Confidential Information shall not constitute an admission by the producing party nor waive the producing party's rights, with respect to the propriety of their disclosure or their relevance.  Nothing in this Order shall be construed as precluding the parties from objecting to any designation or use of Confidential Information.

      7.    Any party seeking to file Confidential Information or documents paraphrasing or quoting such information with the Court shall follow the procedures set forth in the United States District Court for the Central District of California, Local Rule 79-5, including any sub-parts, for filing documents under seal and the use of confidential materials.

      8.    Should any third party seek access to the Confidential Information, by request, subpoena or otherwise, the subpoenaed party shall promptly notify all other parties.  The party that designated such information as Confidential Information may then take whatever steps it deems necessary to protect its interests.  The subpoenaed party shall object to producing such documents and try to defer producing Confidential Information pursuant to any third party request or subpoena until at least 15 days after notice of the third party request or subpoena to the party which designated such information as Confidential Information.  Nothing contained in this Protective Order shall be construed as excusing any party from complying with a validly issued subpoena or other court order.

      9.    Prior to the use of any Confidential Information at any hearing to be held in open court, counsel who desires to use such Confidential Information shall follow the

procedures set forth in the United States District Court for the Central District of California, Local Rule 79-5, including any sub-parts, for filing documents under seal and the use of confidential materials.

10. Nothing in this Order shall require the disclosure of any material which a party contends is protected from disclosure by the attorney-client privilege or attorney work product. Inadvertent disclosure of any such information will not constitute a waiver of any privilege, nor shall inadvertent disclosure waive the right of any party to object to the use of such information during any subsequent proceeding. The other party is required to return any copies of inadvertently produced information at the earliest possible moment after notification.

11. The provisions of this Order shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. The Court shall retain jurisdiction over the parties and any other person bound by this Order, to enforce this Order.

SO ORDERED.

Dated: September 23, 2009            /S/ FREDERICK F. MUMM
                                     FREDERICK F. MUMM
                                     Magistrate Judge of the U.S. District Court